## BOSTWICK *v.* COVELL.

*(Circuit Court, S. D. New York. July 17, 1885.)*

EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW—INJUNCTION—REV. ST. § 723.
Injunction to restrain defendant's action at law denied, complainant having a full and adequate defense in that action, within the meaning of Rev. St. § 723.

In Equity.

*Chas. C. Beaman,* for orator.

*Wm. H. Arnoux,* for defendant.

WHEELER, J. The defendant's action at law against the orator, the further prosecution of which is sought by this suit in equity to be restrained, is for the recovery of money alleged to be due upon a written contract entered into by these parties. The orator's counterclaim is for money alleged to have been overpaid upon the contract, and for money paid on account of the failure of the defendant to vindicate the patents which were the subject of the contract. Whether the orator has fully paid what is due upon the contract depends upon its legal construction and effect. If he has fully paid, it is inequitable for the defendant to demand more; but that consideration does not make the defense an equitable instead of a legal one. There is no ground of defense which, apparently, a court of law would be prevented by any limitation upon its powers or processes from giving full effect to. The orator appears to have as clear a field to defend himself in on the law side as on the equity side of this court. So of the orator's claims against the defendant. He might, perhaps, maintain this suit against the defendant if necessary to the defense of the suit which the defendant has brought in this court against him in this district, although the defendant is not an inhabitant of, nor found within, this district, otherwise than as he is found bringing his suit within this district. Rev. St. § 738. But his claims arise out of the legal construction and effect of the written contract, which the court

of law, after having construed, can enforce by a judgment in favor of the party to whom anything may be due, in as untrammeled a manner as a court of equity could decree its payment to him. The provision that if the patents are in part valid and in part invalid, "an equitable proportion" of the royalty, to be determined by arbitration in a prescribed mode, is to be paid, does not appear, on account of that form of expression, to involve relief in a court of equity, as distinguished from relief in a court of law, for either party. It seems to mean that a reasonable, just, and fair share of the royalty shall be apportioned to the valid part of the patents in that manner. This provision appears to be as fully within the scope of the powers of a court of law to be dealt with, as that of the powers of a court of equity. The remedy of the orator for the defendant's suit at law appears to be plain, adequate, and complete at law, within the meaning of section 723, Rev. St.

Motion for a preliminary injunction denied.